SKIBA, Admrx., Plaintiff-Appellee, v. NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23220.   Decided March 30, 1955.

G. J. McMonagle & J. A. Verhunce, Cleveland, for plaintiff-appellee.
Donald W. Hornbeck, Edwin Knachel, Donald E. Ryan, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

This appeal is here on questions of law.  Defendant-appellant makes seven assignments of error in the trial of the cause in the Common Pleas Court of Cuyahoga County.  We have considered all of them and in this per curiam opinion adhere to only those that we believe have some justification and the facts presented herein are limited to those required to discuss the assignments of error so found.

Plaintiff-appellee's decedent was instantly killed on the afternoon of January 5, 1953, by a westbound freight train while driving a truck across defendant-appellant's railway tracks at Pelton Road in the City of Willoughby, Ohio.  The .verdict of the jury was for $110,000.

The evidence discloses that there was a single track crossing a busy road in this City and that a "cross-buck" sign was the only warning to those crossing the tracks.  On the day of the accident, the weather was windy with occasional snow flurries which were blown into swirls and clouds by the high winds and obscured the view of the "cross-buck" sign and interfered in the observance of approaching trains.  A bank extended on the east side of Pelton Road along the right of way of the railway to about twenty feet north of the track; on top of this bank and extending to about twelve or fifteen feet from the tracks, there was brush and weeds between five and six feet high.  These, together with .

other obstructions, made it impossible to see trains approaching from the east for one in a vehicle until the front of such vehicle was almost on the tracks. The westbound freight train involved in this accident was traveling downhill at a speed in excess of fifty miles per hour, which speed was in violation of railroad rules and manifestly unreasonable in view of the condition of the weather and other factors present at this intersection. The locomotive whistle was not sounded nor was the bell rung until the locomotive was about to cross Pelton Road and the train was headed into a high southwesterly wind which made it difficult to hear the sound of an approaching train from the east. The truck driven by the decedent had almost completed crossing the tracks when struck. The evidence disclosed negligence on the part of the defendant railway.

Assignment of error No. 3 claims that the verdict of the jury was excessive, it appearing to have been rendered under the influence of passion and prejudice. We conclude, upon reading the bill of exceptions, that the verdict was excessive but not rendered under the influence of passion and prejudice and order a remittitur of $32,000.

In division (A) of assignment of error No. 7, defendant-appellant claims the Court failed to separately and definitely state the issues of fact to be decided by the jury. It seems to us with respect to specification No. 2 which reads as follows:

"In failing, in the operation of said train as it approached the intersection of the right-of-way of the defendant Nickel Plate Road and Pelton Road in the City of Willoughby, Ohio, to sound the whistle on said engine and in failing to ring the bell carried on said steam operated locomotive, all as required by law."

and specification No. 3 which reads:

"In operating said train into and across the intersection of Pelton Road and the tracks of the defendant Nickel Plate Road at a speed greater than was reasonable and proper under the facts and circumstances then obtaining."

the court should have elaborated and explained the requirements of law to the Jury as regards the sounding of a whistle and a ringing of the bell as well as giving an explanation of the expression "speed greater than was reasonable and proper under the facts and circumstances then obtaining." However, the excess of speed and failure to sound the whistle and ring the bell before coming to Pelton Road were so evident from the testimony presented in the record that we are unable to see that such error on the part of the court with respect to this portion of this charge was prejudicial to the defendant-appellant. Moreover, it is clear in the record that the trial court on two separate occasions asked counsel whether "there was anything by way of addition or subtraction on the part of defendant as to the charge." Counsel for the defendant-appellant on each occasion made no request of the court either to elaborate on or to explain further as to any of these matters and thereby indicated no further explanation by the court in its charge to the jury was in order or required.

After a careful reading of the entire record in this case and a full study of the able briefs submitted by counsel, we hold unanimously

that, with the lone exception of the verdict being excessive, substantial justice has been done the party complaining. The plaintiff-appellee having accepted the remittitur of $32,000, the judgment of the Common Pleas Court is accordingly modified to read $78,000 and as modified is affirmed.

Exceptions. Order See Journal.

KOVACHY, PJ, HURD, J, SKEEL, J, concur.